IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEATHER MASTIC,          )
                         )
    Plaintiff,           )
                         )
  v.                     )   Civil Action No. 17-161-E
                         )
COMMISSIONER OF SOCIAL SECURITY,  )
                         )
    Defendant.           )

O R D E R

AND NOW, this 30th day of August, 2018, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) failing to evaluate properly Plaintiff's subjective complaints of pain; and (2) failing to give adequate weight to medical opinion evidence provided by a physical therapist and a physician's assistant in formulating Plaintiff's residual functional capacity assessment ("RFC"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, Plaintiff asserts that the ALJ erred in evaluating her subjective complaints of pain. In support of this contention, Plaintiff argues that the ALJ failed to consider properly the appropriate factors in evaluating whether her description of pain-related limitations was consistent with and supported by the record. The Court finds, however, that the ALJ did in fact properly address the relevant factors—and that the ALJ adequately considered Plaintiff's subjective complaints—in ultimately accounting for the limitations resulting from her pain in her RFC.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms she alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment is found, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit her ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, work history and medical treatment). In the ALJ's decision here, after examining various factors including Plaintiff's activities of daily living, work history and medical treatment in light of her subjective complaints of pain, the ALJ simply found that such evidence did not fully support the limitations she alleges.

Specifically, Plaintiff claims first that the ALJ erred in discounting her subjective complaints of pain because he improperly relied on her activities of daily living. The Court finds, however, that the ALJ properly considered Plaintiff's activities of daily living, but that he ultimately found them to be inconsistent with her allegations of disabling pain and limitations. In fact, the ALJ found that Plaintiff has a limited range of activities of daily living, but he also correctly noted that she lifts laundry baskets weighing up to ten pounds, is able to clean her room, shops, cooks for herself, watches television, and plays games on her computer. (R. 28). The ALJ then concluded that the diminution in her activities of daily living "is not so great as to suggest an inability to perform light work at which she would not have to lift more than ten pounds." (R. 28). The Court finds that the ALJ did not misrepresent the activities of daily living in which Plaintiff engages, and he did not err in relying on them in part in evaluating her

2

subjective complaints of pain. The Court further notes that Plaintiff's activities of daily living were, of course, only one of many factors considered by the ALJ in making his determination.

Plaintiff also complains that the ALJ's decision failed to take into consideration Plaintiff's work history. However, the ALJ stated in his analysis that Plaintiff had past relevant work as a school cleaner, housekeeper at a personal care home, and motel cleaner, all of which he explained required lifting, standing and walking in excess of the RFC he had formulated. (R. 30). The ALJ also found that Plaintiff's earnings record was sufficient to insure her for disability insurance benefits through December 31, 2016. (R. 24). Further, the ALJ explained that Plaintiff "did substantial work for more than ten years after [her hip injury]," and noted that the surgical fixation of the fracture thus appeared to have been successful. (R. 27). The Court therefore finds that the ALJ did not fail to consider Plaintiff's work history, and, once again, the Court notes that her work history was only one of several factors that he took into consideration in making his decision.

Plaintiff also argues generally that, in evaluating Plaintiff's complaints of pain, the ALJ selectively discussed and mischaracterized the medical evidence regarding Plaintiff's response to treatment. First, the ALJ is not required to discuss every piece of medical evidence in the record. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Further, the Court finds that the ALJ did not ignore the evidence of Plaintiff's chronic pain, but he instead formulated a highly restrictive RFC that included all of her credibly established limitations. Thus, after considering the evidence of record (including the medical opinion evidence discussed, infra), the ALJ appropriately found that Plaintiff is limited to light work, except that both frequent and occasional lifting are limited to ten pounds; can frequently but not continuously handle, reach, and feel with the non-dominant right upper extremity; must alternate sitting and standing every thirty minutes; can occasionally push and pull with the right lower extremity; can occasionally climb ramps or stairs, but can never climb ladders, ropes, or scaffolds; can occasionally balance and stoop, but can never kneel, crouch or crawl; must avoid concentrated exposure to extremes of heat, cold, and wetness; and cannot work at unprotected heights or around inherently dangerous moving machinery. (R. 26).

Moreover, the Court notes that, although the ALJ cited evidence indicating that Plaintiff achieved some degree of relief from her pain, including pain medication which gave her relief with no side effects, the ALJ very clearly explained that he understood that "none of her medications has completely removed her pain." (R. 28). In fact, the ALJ specifically stated that he recognized that Plaintiff experiences pain related to her impairment. (R. 28). He also explained, however, that "the mere presence of pain does not require a finding that she is disabled." (R. 28). The ALJ concluded that, in this case, "the evidence tends to show that treatment has been effective in reducing claimant's pain to manageable levels." (R. 28).

Therefore, the Court finds that the ALJ properly considered the appropriate factors in evaluating whether Plaintiff's description of pain-related limitations was consistent with and supported by the record. The ALJ thus did not err in evaluating Plaintiff's subjective complaints of pain.

3

Plaintiff's second argument is that the ALJ failed to give sufficient weight to medical opinion evidence provided by a physical therapist and a physician's assistant in formulating Plaintiff's RFC. First, the ALJ recognized that both the treating physician's assistant and the physical therapist "are not acceptable medical sources under 20 CFR 404.1513 and 416.913, so their assessments are not entitled to deference as medical opinion." (R. 29). Nevertheless, the ALJ clarified that he had "assessed the statements under the guidelines contained in Social Security Ruling 06-3p," but that he did not find any reasonable basis for accepting those opinions. (R. 29).

The ALJ explained that physical therapist Clifford Milowicki's opinion placed great weight on Plaintiff's purely subjective self-reports and furnished no objective clinical evidence whatsoever to support his findings, which were more restrictive overall than the limitations ultimately included in the ALJ's RFC. (R. 29). The ALJ also noted that Mr. Milowicki repeatedly found that most of Plaintiff's limitations would exist "on most days," yet the evidence does not show that that individual observed Plaintiff's on more than one day, October 13, 2015. (R. 566-67). Thus, the ALJ concluded that Mr. Milowicki's opinion was impermissibly speculative and lacking in relevant abnormal clinical findings. (R. 29). Based on such considerations, the Court finds that the ALJ reasonably accorded that opinion "very little weight." (R. 29).

Regarding the physician's assistant's assessment—which also generally found greater limitations across the board than those contained in the ALJ's RFC—the ALJ stated that that opinion "overstates the claimant's limitations." (R. 29). The ALJ further explained that he believed that "the lifting limit, reduced use of the non-dominant upper extremity, and sit-stand option adequately account for claimant's limitations." (R. 29). Additionally, the Court emphasizes that the physician's assistant's opinion consists merely of a simple two-page check-box evaluation form that was filled out with checks and circled options but with no explanation or citation to evidence. (R. 568, 570). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that the physician's assistant's opinion lacks significant discussion, explanation, or details to justify his statements contained therein. The Court further finds that the ALJ reasonably declined to give such opinion great weight when it was contradicted by the other evidence of record which the ALJ discussed in formulating his RFC.

As for Plaintiff's assertion that the ALJ failed to consider the "consistency" of the two opinions with each other, the Court finds that the ALJ adequately addressed the opinions in accordance with 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). That regulation states, "Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." Whether or not the two opinions are consistent with each other, the ALJ did not find them to be consistent "with the record as a whole." Moreover, as discussed, supra, the ALJ reasonably accorded the decisions little weight for valid reasons.

4

As for the claim that the ALJ failed to give sufficient weight to the opinions as they were from treating sources, the record does not demonstrate that the physical therapist based his opinion on more than one appointment, and he may have actually only seen Plaintiff on the day of the actual evaluation. Plaintiff in her testimony stated that she was sent to see Mr. Milowicki for an examination, not treatment, and that she went there "to get a form filled out." (R. 65-66). Thus, Mr. Milowicki does not even appear to be a treating source. Regardless of this factor, as explained, <u>supra</u>, the ALJ properly considered Mr. Milowicki's opinion in accordance with the regulations and adequately explained his reasons for giving that opinion little weight. Similarly, as noted <u>supra</u>, since the physician's assistant's opinion consisted of only a check-box form that contained no explanation or citation to treatment records in support, and since the ALJ sufficiently discussed the underlying medical records and other evidence of record in explaining how he reached his decision, the Court concludes that the ALJ did not err in finding that that opinion overstated Plaintiff's limitations.

Moreover, the Court notes that the ALJ emphasized in his decision that "[t]here is no acceptable <u>medical</u> opinion favoring disability." (R. 29). In fact, the ALJ explained that in reaching his conclusions he instead gave "significant weight" to the opinion of Richard M. Hahn, M.D., who conducted a comprehensive consultative physical examination and found that Plaintiff could do light work that did not require her to remain in any position for more than an hour at a time. (R. 29, 429-34)). The ALJ further explained that Dr. Hahn had not found the lifting limitations that he found, but he noted that he believed Plaintiff's ongoing symptoms to reasonably prevent her from lifting and carrying more than ten pounds. (R. 29-30). The ALJ also stated that, although Dr. Hahn found Plaintiff's range of motion to be intact in all fields, after balancing the objective and opinion evidence, and after having seen and heard Plaintiff testify, the ALJ found it appropriate to limit her to less than the full range of light exertion. (R. 30).

Furthermore, as discussed <u>supra</u>, the Court stresses that before the ALJ ever reached his evaluation of these opinions, he thoroughly reviewed and discussed the evidence of record. He considered many factors, including Plaintiff's response to medication, her mostly normal examination findings, her diagnostic study results, and her activities of daily living, but he simply concluded that the record as a whole did not support the overly restrictive assessments rendered by the physician's assistant and the physical therapist. Thus, the Court finds that Plaintiff's claim that the ALJ failed to give sufficient weight to medical opinion evidence provided by the physical therapist and the physician's assistant in formulating Plaintiff's RFC to be without merit.

As to any additional arguments mentioned summarily by Plaintiff in her brief, the Court finds that she has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

In sum, after careful review of the record, the Court finds that substantial evidence supports the ALJ's evaluation of the opinions presented and his decisions as to the weight he gave to those opinions in making his ultimate determinations regarding Plaintiff's RFC. The ALJ addressed the relevant evidence in the record, including full consideration of the opinion

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:     Counsel of record

---

evidence, and he thoroughly discussed the basis for his RFC finding. Additionally, the Court finds that the ALJ did not err in assessing Plaintiff's subjective claims of pain. Accordingly, the Court affirms.